## John Mitchell v. J. H. Goodell, Administrator of the Estate of Elizabeth Beckwith.

1. WITNESSES—*Disability Not Removed by Amendment of the Suit.*— A person presented a claim in the Probate Court as a claimant, swore to it as such, and afterward and before trial amended the claim so as to make it the claim of another person, who being dissatisfied with the judgment took an appeal to the Circuit Court. On the trial in the Circuit Court the original claimant was offered as a witness. *Held,* that he was incompetent. A suit can not be so amended as to remove the disability of a person to testify.

**Memorandum.**—Claim in probate. In the Circuit Court of La Salle County, on appeal from the Probate Court; the Hon. CHARLES BLANCHARD, Judge, presiding. Hearing and disallowance of claim; appeal by claimant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

BREWER & STRAWN, attorneys for appellant; E. J. KELLY and BURKE & TRAINOR, of counsel.

PETER M. McARTHUR and SNYDER, STEAD & ELDREDGE, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the Circuit Court, disallowing the claim of appellant against the estate of Elizabeth Beckwith.

The claim was originally filed in the Probate Court by appellant and one M. P. Mitchell, a son of appellant, who had been his partner in the dry goods and grocery business at Marseilles, Ill. It was for a balance claimed to be due

on a settlement made in 1885, and for a judgment against E. B. Beckwith, assumed by the deceased, amounting in all to $506.61. The oath attached to the claim was made by M. P. Mitchell. Before a trial, and after the claim had been filed nearly a year, it was amended so as to make it a claim of appellant against the estate, and for balance due on account. A trial in the Probate Court resulted in a judgment in favor of appellant for $441, but the Circuit Court on appeal disallowed the entire claim.

From the evidence it appears that while M. P. Mitchell and his brother, Peter M. Mitchell, were carrying on a mercantile business at Marseilles, the deceased and her husband, E. B. Beckwith, were conducting a boarding house in the same place. An account was opened with E. B. Beckwith. Peter retired from the business December 24, 1883, and his father, the appellant, succeeded him and the business was then conducted by appellant and M. P. Mitchell. E. B. Beckwith continued to trade with them until 1885. On the 14th of May, 1886, the business was discontinued, appellant taking the assets and paying off the liabilities.

Appellant claimed the estate was liable, because the goods were purchased for Mrs. Beckwith's own use, because she used them and promised to pay for them, and because they were used in defraying the necessary expenses of the family which made them chargeable against her under Section 15, Chapter 68, Starr and Curtis' Annotated Statutes. He failed to support either one of these contentions by the evidence.

M. P. Mitchell was introduced as a witness, and appellant sought to prove by him the purchase of the goods charged, and lay the foundation for the introduction of certain pages of a ledger kept by the firm. But the Circuit Court sustained an objection to his testimony. That the court erred in so ruling, is the chief contention urged here.

It is insisted that M. P. Mitchell was a competent witness because he was not a party to the suit and testified that he had no interest in the claim. It does not appear from the evidence that the claim ever was assigned. The firm became involved, appellant borrowed money, paid off the liabilities

and took the assets.    Indeed, this very witness swore to it
as a claimant, when first presented.    The evident purpose
in so amending it as to leave him out as a party and have
its further prosecution conducted in the name of appellant,
was to enable him to testify.    The statute can not be
whipped around in such a manner.    To allow him to testify
under the circumstances would do great violence to· the
spirit and intention of the legislature.

It is further insisted that M. P. Mitchell was a competent
witness to testify to the book account as provided by Sec. 3,
Ch. 51, R. S., relating to evidence, and that the court erred
in sustaining an objection to his testimony when it was
sought to lay the foundation for the introduction of certain
pages in the ledger.    It does not appear that the book con-
taining the pages was a book of original entry.    The court
properly denied his testimony for that reason.    Again, the
entries made did not purport to be against the deceased, but
against her husband, E. B. Beckwith.

We see no reason for disturbing the judgment of the
Circuit Court.    Judgment affirmed.